**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DELFINA MALONE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-06114 |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, and | ) | |
| ANSELMO, LINDBERG, | ) | |
| OLIVER LLC, f/k/a FREEDMAN | ) | |
| ANSELMO LINDBERG LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded.</u> |

## <u>COMPLAINT</u>

Plaintiff, Delfina Malone, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transact substantial business here.

## PARTIES

3.      Plaintiff, Delfina Malone ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a

defaulted GE Capital Retail Bank consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4.      Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5.      Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.      Defendant PRA holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7.      Defendant PRA is a debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

8.      Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9.      Defendant, Anselmo Lindberg Oliver LLC, formally known as Freedman Anselmo Lindberg LLC ("Freedman"), is a law firm organized as an Illinois professional corporation with principal offices and registered agent at 1771 West Diehl Road, Suite 150, Naperville, IL 60563. (Exhibit C, Record from the Illinois Secretary of State).

10.      The practice of Freedman at the time of the actions complained of herein consisted of the collection of alleged defaulted consumer debts owed to others.

11.     Freedman regularly uses the mails and telephone system in attempting to collect debt owed to others.

12.     Freedman regularly filed collection lawsuits in Illinois on behalf of PRA in attempting to collect defaulted consumer debts.

13.     Freedman is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14.     According to Defendants, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a GE Money Bank, F.S.B. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

15.     Plaintiff was unable to pay the alleged debt, and it went into default.

16.     PRA purportedly purchased the alleged debt after default.

17.     PRA subsequently retained or hired Freedman to attempt to collect the alleged debt from Plaintiff.

18.     Freedman was at all times authorized to act on behalf of PRA to attempt to collect the alleged debt from Plaintiff.

19.     On or about August 6, 2014, Freedman filed a complaint on behalf of PRA against Plaintiff to collect the alleged debt, styled *Portfolio Recovery Associates, LLC vs. Delfina Malone*, Case No. 14-M1-140037, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit D, State Court Complaint).

20.     On September 11, 2014, Plaintiff filed an appearance with a jury demand in the State Action. (Exhibit E, Plaintiff's appearance and jury demand in State Action).

21.     On September 11, 2014, Plaintiff also filed a motion requesting a court date in the State Action. (Exhibit F, Plaintiff's Motion).

22.     Plaintiff sent the motion and her appearance to Freedman.

23.     Freedman received Plaintiff's appearance and motion.

24.     Pursuant to local rule, the Circuit Court of Cook County transferred the matter Room 1501 and set the matter for arbitration as a result of Plaintiff's appearance and jury demand.

25.     In preparation for the arbitration hearing, Freedman mailed Plaintiff the documents it intended to introduce as evidence at the arbitration, pursuant to Illinois Supreme Court Rule 90. (Exhibit G, 90c Submission Proof of Mailing).

26.     On or about January 6, 2015, Freedman, on behalf of PRA, inexplicably filed a Motion for Judgment ("Motion") in the State Action. (Exhibit H, Motion for Judgment).

27.     Freedman mailed PRA's motion to Plaintiff.

28.     The motion conveyed information regarding the alleged debt, including the identity of the current creditor and the balance due on the alleged debt.

29.     The motion was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

30.     The Motion requested the court to enter judgment "in default for want of appearance or other responsive pleading, against Delfina Malone."

31.     The statement that Plaintiff had not filed an appearance or other responsive pleading was a false statement.

32.     Plaintiff had not failed to appear or file a responsive pleading.

33.     In fact, Freedman had received Plaintiff's appearance, participated in litigation with Plaintiff, and even prepared documents in anticipation of a pending arbitration proceeding.

34.     Thus, Freedman was well aware that Plaintiff had filed an appearance in the matter.

35.     Yet Freedman still filed its motion in an effort to improperly obtain a default judgment against Plaintiff.

36.     Plaintiff was not required to file a responsive pleading in the State Action, pursuant to Illinois Supreme Court Rule 286(a).

37.     Freedman noticed the motion for a different room from where the case was located.

38.     Plaintiff felt anxious about receiving the motion, as she thought that she had not properly comported with court rules, when she in fact had.

39.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False and misleading representations**

**A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

40.     Defendants PRA and Freedman threatened to take an action that could not legally be taken by attempting to obtain a default judgment against Plaintiff when they had no legal right to a default judgment, in violation of 15 U.S.C. §§ 1692e, and 1692e(5).

41.     Defendants PRA and Freedman communicated false information in connection with the attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when they filed, and mailed to Plaintiff, a motion with false statements.

42.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

43.     PRA and Freedman attempted to unconscionably and improperly obtain a improper default judgment against Plaintiff, in violation of 15 U.S.C. § 1692f.

44.     PRA is liable for the acts and omissions of Freedman committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

45.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

46.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

47.     Defendants PRA and Freedman threatened to take an action that could not legally be taken by attempting to obtain a default judgment against Plaintiff when they had no legal right to a default judgment, in violation of 15 U.S.C. §§ 1692e, and 1692e(5).

48.     Defendants PRA and Freedman communicated false information in connection with the attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when they filed, and mailed to Plaintiff, a motion containing false statements.

49.     PRA and Freedman attempted to unconscionably and improperly obtain a improper default judgment against Plaintiff, in violation of 15 U.S.C. § 1692f.

50.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against the Defendants as follows:

A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com